## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

INTERNATIONAL BROTHERHOOD OF )
ELECTRICAL WORKERS LOCAL UNION )
NO. 22; IBEW LOCAL22/NECA HEALTH )
AND WELFARE PLAN; IBEW LOCAL 22/NECA )
PENSION PLAN A; IBEW LOCAL 22/NECA )
DEFINED CONTRIBUTION PLAN B; OMAHA )
BROTHERHOOD OF ELECTRICAL WORKERS )
LOCAL 22 VACATION- HOLIDAY TRUST )
FUND, NEBRASKA ELECTRICAL JOINT )
APPRENTICESHIP AND TRAINING TRUST )
FUND; NATIONAL ELECTRICAL BENEFIT )
FUND, LOCAL LABOR MANAGEMENT )
COOPERATING COMMITTEE; NATIONAL )
LABOR MANAGEMENT COOPERATING )
COMMITTEE; AND NATIONAL ELECTRICAL )
CONTRACTORS ASSOCIATION )
                                                )      Case No:
                                                )
                     Plaintiffs,                )
                                                )
v.                                              )
                                                )
NEBRASKA ELECTRIC, L.L.C.                       )
                     Defendant.                 )

## COMPLAINT

Plaintiffs, for their causes of action against Defendant Nebraska Electric, L.L.C. state as follows:

## PLAINTIFFS' REQUEST FOR PLACE OF TRIAL

1.      Pursuant to District of Nebraska Rule 40.1(b), Plaintiffs hereby request that trial in this matter be held in Omaha, Nebraska.

2.      This is an action brought pursuant to § 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a) for breach of a labor agreement, and pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§

1

1132 and 1145, to collect fringe benefit contributions from the Defendant due and owing to the Plaintiffs.

### NATURE OF THE CASE

3.      This Complaint brings an action to collect delinquent dues and fringe benefit contributions from Defendant that are due and owing pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145, § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, and pursuant to collective bargaining agreements (hereinafter "CBAs") with Plaintiff International Brotherhood of Electrical Workers Local Union No. 22 (hereinafter "Local 22"). This action also seeks to compel Defendant Nebraska Electric to comply with an audit of its payroll, wage, and other records in accordance with its contractual obligations.

### PARTIES

4.      Plaintiff Local 22 is a "labor organization representing employees in an industry affecting commerce" within the meaning of § 2 and 301(a) of the LMRA, 29 U.S.C. §§ 152 and 185(a), and is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 185(b).

5.      Plaintiff International Brotherhood of Electrical Workers Local Union No. 22/NECA Health and Welfare Plan (hereinafter "the Health and Welfare Plan") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The Health and Welfare Plan is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The Health and Welfare Plan maintains its principal place of administration at 8960 L Street, Suite 101, Omaha, Nebraska 68127-1406, which is located within the territorial boundaries of the District of Nebraska. The Health and Welfare Plan is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

2

6.      Plaintiff IBEW Local 22/NECA Pension Plan A (hereinafter "Pension Plan A") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). Pension Plan A is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). Pension Plan A maintains its principal place of administration at 8960 L Street, Suite 101, Omaha, Nebraska 68127-1406, which is located within the territorial boundaries of the District of Nebraska. Pension Plan A is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

7.      Plaintiff IBEW Local 22/NECA Defined Contribution Plan B (hereinafter "Pension Plan B") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). Pension Plan B is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). Pension Plan B maintains its principal place of administration at 8960 L Street, Suite 101, Omaha, Nebraska 68127-1406, which is located within the territorial boundaries of the District of Nebraska. Pension Plan B is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

8.      Plaintiff Omaha Brotherhood of Electrical Workers Local No. 22 Vacation-Holiday Trust Fund (hereinafter "the Vacation Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The Vacation Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1130(d). The Vacation Fund maintains its principal place of administration at 8960 L Street, Suite 101, Omaha, Nebraska 68127-1406, which is located within the territorial boundaries of the District of Nebraska. The Vacation Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(5) and (6) of the LMRA, 29 U.S.C. § 186(c)(5) and (6).

9.      Plaintiff Nebraska Electrical Joint Apprenticeship and Training Trust Fund (hereinafter "Apprenticeship Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The Apprenticeship Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The Apprenticeship Fund maintains its principal place of administration at Electrical Industry Center, Suite 200, 8960 L Street, Omaha, Nebraska 68127-1406, which is located within the territorial boundaries of the District of Nebraska. The Apprenticeship Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

10.      Plaintiff National Electrical Benefit Fund (hereinafter "National Electrical Benefit Fund" or "NEBF") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The National Electrical Benefit Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The National Electrical Benefit Fund maintains its principal place of administration at 2400 Research Blvd., Suite 500, Rockville, Maryland 20850-3266. The National Electrical Benefit Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

11.      Plaintiffs Health and Welfare Plan, Pension Plan A, Pension Plan B, Vacation Fund, Apprenticeship Fund and NEBF (hereinafter "Plaintiff Funds") are each a "multiemployer plan" within the meaning of 29 U.S.C. §1002(37) and have been established and are maintained pursuant to §302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5).

12.      Plaintiff IBEW Local Union No. 22 Labor Management Cooperation Committee (hereinafter "LLMCC") is an "industrywide labor management committee" within the meaning of § 302(c)(9) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 186(c)(9) and maintains its principal place of business at 8960 L Street, Suite 101, Omaha, Nebraska 68127-1406, which

4

is located within the territorial boundaries of the District of Nebraska. The LLMCC is a legal entity that may sue or be sued.

13.     Plaintiff National Labor-Management Cooperation Committee (hereinafter "NLMCC") is a labor-management cooperation fund created under authority of Section 6(b) of the Labor Management Cooperation Act of 1978, 29 U.S.C. § 175a(a), and Section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9). Plaintiff NLMCC is a legal entity that may sue or be sued.

14.     Plaintiff Nebraska Chapter of the National Electrical Contractors Association (hereinafter "NECA") is an employer association that maintains an Administrative Maintenance Fund (hereinafter "AMF") and collects NECA dues as authorized by collective bargaining agreements with Plaintiff Local 22. Plaintiff NECA maintains its principal place of business located at 8960 L Street, Suite 100, Omaha, NE 68127-1406, which is located within the territorial boundaries of the District of Nebraska. Plaintiff NECA is a legal entity that may sue or be sued.

15.     Defendant Nebraska Electric, L.L.C. (hereinafter "Defendant Nebraska Electric") is an active Domestic Corporation in good standing existing under and pursuant to the laws of the State of Nebraska with a principal office address of 202 E Reichmuth Rd., PO Box 26, Valley, NE 68064, and may be served at the office of its registered agent, Shawn G. Bargers, at 112 E 2nd Street, PO Box 251, Valley, NE 68064. Defendant Nebraska Electric is an employer within the meaning of 29 U.S.C. § 1002(5).

**<u>JURISDICTION</u>**

16.     This Court has jurisdiction of Plaintiffs' claims pursuant to 29 U.S.C. §§ 185(c), 1132, and 1145; and also pursuant to 28 U.S.C. §§ 1331 and 1367(a).

17.     Venue is appropriate in this district pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b) because Plaintiffs Local 22, Health and Welfare Plan, Pension Plan A, Pension

Plan B, Vacation Fund, Apprenticeship Fund, LLMCC, NECA, and Defendant Nebraska Electric are administered and/or operate in the State of Nebraska, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the State of Nebraska.

## CAUSE OF ACTION

18.     Plaintiffs restate and incorporate herein Paragraphs 1 through 17.

19.     Defendant Nebraska Electric is a party to one or more CBAs with Plaintiff Local 22, and the CBAs govern the terms and conditions of employment of all employees of Defendant Nebraska Electric performing work covered by such CBAs. Said CBAs have been in effect at all times relevant to this action.

20.     At all times relevant to this action, based upon information and belief, Defendant Nebraska Electric has employed and continues to employ individuals who perform work covered by the CBAs with Local 22.

21.     Each Plaintiff Fund was established and operates pursuant to a written agreement and/or declaration of trust (hereinafter "Trust Agreements"). These Trust Agreements are incorporated by reference into, and are a material part of, the CBAs between Local 22 and Defendant Nebraska Electric.

22.     Among other duties imposed under the CBAs, Defendant Nebraska Electric is required to make contributions to Plaintiff Funds, which provide health, retirement, training, and other benefits to employees of contractors, such as Defendant Nebraska Electric, who are signatory to CBAs with Plaintiff Local 22. Defendant Nebraska Electric is required to submit contributions to Plaintiff Funds each month in such amounts as determined by the number of hours of covered work performed by Defendant Nebraska Electric's employees at the rates established for Plaintiff Funds in the CBAs and Trust Agreements.

23.     The CBAs with Plaintiff Local 22 also require that Defendant Nebraska Electric make contributions to Plaintiff NECA for the AMF and NECA dues based upon payroll hours worked at the rates specified in the CBAs with Plaintiff Local 22.

24.     The CBAs with Plaintiff Local 22 also require that Defendant Nebraska Electric make contributions to Plaintiff NLMCC based upon payroll hours worked at the rates specified in the CBAs with Plaintiff Local 22.

25.     The CBAs with Plaintiff Local 22 also require that Defendant Nebraska Electric make contributions to Plaintiff LLMCC based upon payroll hours worked at the rates specified in the CBAs with Plaintiff Local 22.

26.     The CBAs require that Defendant Nebraska Electric deducts dues from the wages of all covered employees based upon each payroll hour worked by such employees and then remit such deductions to Plaintiff Local 22. The work assessments are to be deducted in accordance with the terms of an individual and written, authorization for check-off of membership dues, in a form permitted by § 302(c) of the LMRA, 29 U.S.C. § 186(c).

27.     The CBAs, which incorporate the Trust Agreements and duly-adopted rules of Plaintiff Funds and the terms of dues checkoff authorizations, require that the payroll deductions and fringe benefit contributions to Plaintiffs, described in paragraphs 22 to 26 above, be made at the end of each month to a designated collection agent. Payments not made by the 15th day of the following month are deemed delinquent.

28.     The CBAs and the Trust Agreements and duly-adopted rules of Plaintiff Funds further require Defendant Nebraska Electric to submit upon request to an audit of its payroll, wage, and any other records to permit the Plaintiff Funds to determine whether Defendant Nebraska Electric is correctly reporting and paying all contribution amounts owed each month. The CBAs

and the incorporated Trust Agreements of Plaintiff Funds provide that if Defendant Nebraska Electric fails to furnish or make available such payroll records, the amount of the monthly contributions for which Defendant Nebraska Electric is obligated to pay may be projected to be the greater of (a) the average of the monthly payments or reports actually submitted by Defendant Nebraska Electric for the last three (3) months for which payments or reports were submitted or (b) the average of the monthly payments or reports submitted by Defendant Nebraska Electric for the last twelve (12) months for which payments or reports were submitted.

29. Defendant Nebraska Electric has failed to report or remit contributions due and owing to Plaintiffs for the work months of October 2024 through the present.

30. On September 8, 2025, Plaintiffs' counsel sent a formal demand letter to Defendant Nebraska Electric demanding that it files corrected reports for all months and submits payment for the work month since October 2024, together with interest and liquidated damages owed on the delinquent contributions.

31. Defendant Nebraska Electric failed to respond to the Plaintiffs' correspondence.

32. On October 8, 2025, Plaintiffs' Counsel sent a follow up formal demand letter to Defendant Nebraska Electric demanding that it files corrected reports for all months and submits payment for all work months since October 2024, together with interest and liquidated damages owed on the delinquent contributions.

33. Again, Defendant Nebraska Electric failed to respond to the Plaintiffs' correspondence.

34. On November 5, 2025, Plaintiffs' Auditor sent a letter to Defendant Nebraska Electric requesting that it produce payroll records for an audit.

35. Despite repeated attempts by the Plaintiffs' Auditor, Plaintiffs did not receive a response from Defendant Nebraska Electric until December 5, 2025.

36. On December 5, 2025, the Plaintiffs' Auditor was informed by Defendant Nebraska Electric that Defendant would not be producing the required records to the Plaintiffs.

37. Defendant Nebraska Electric has failed to report and/or remit the contributions as required by the CBA and Trust Agreements with Plaintiff Local 22 for the months of October 2024 to the present.

38. Pursuant to the CBA, upon default, Plaintiffs may institute legal action for all amounts due and owing to the Plaintiffs, including delinquent contributions, interest, liquidated damages, costs, and attorneys' fees as allowed by the CBA and ERISA, 29 U.S.C. §§ 1132 and 1145.

39. For the work months of October 2024 to present, Defendant Nebraska Electric has not submitted the requisite reports for said work months to the Plaintiffs. Because Defendant Nebraska Electric has not submitted the requisite reports for these work months, Plaintiffs are unable to determine Defendant Nebraska Electric's indebtedness for these work months.

40. As a result of Defendant Nebraska Electric's failure to report and/or pay Plaintiffs contributions due and owing for the period of October 2024 to the present, Defendant Nebraska Electric is in breach of the CBA and, as such, is liable to Plaintiffs in an amount yet to be determined and for delinquent dues and contributions due and owing for the work months of October 2024 through the present. Defendant Nebraska Electric's liability to Plaintiffs will necessarily continue to grow as Defendant Nebraska Electric continues to perform work covered by the CBA during the pendency of this action.

41.     The CBAs and 29 U.S.C. § 1132(g)(2)(B) provide that the Plaintiff Funds, excluding Plaintiff NEBF, are entitled to recover all interest that accrues upon delinquent contributions owed to them at the rate prescribed in 26 U.S.C. § 6621. As a result, Defendant Nebraska Electric is also liable to said Plaintiff Nebraska Electric in a yet to be determined amount and for interest on the delinquent contribution due and owing to said Plaintiff Funds. The amount of interest owed by Defendant Nebraska Electric will necessarily increase during the pendency of this action.

42.     The CBAs and 29 U.S.C. § 1132(g)(2)(C) provide that the Plaintiff Funds are also entitled to recover liquidated damages equal to 10% of delinquent contributions. As a result, Defendant Nebraska Electric is liable to the Plaintiff Funds in an amount yet to be determined and for liquidated damages owed upon the delinquent contributions due and owing to the Plaintiff Funds. The amount of liquidated damages owed by Defendant Nebraska Electric will necessarily increase during the pendency of this action.

43.     In addition to the delinquent contributions to Plaintiffs NLMCC and LLMCC, pursuant to the CBAs to which Defendant Nebraska Electric is bound, Defendant Nebraska Electric is liable to Plaintiffs NLMCC and LLMCC for liquidated damages at the rate of fifteen percent (15%) but not less than Twenty Dollars ($20.00) per month, and interest at the rate of ten percent (10%) per annum.

44.     In addition to the delinquent contributions to Plaintiff NEBF, pursuant to the CBAs to which Defendant Nebraska Electric is bound, Defendant Nebraska Electric is liable to Plaintiff NEBF for liquidated damages at the rate of twenty percent (20%), and interest at the rate of ten percent (10%) compounded monthly throughout the period of the delinquency.

45.     The Plaintiffs have incurred and continue to incur attorneys' fees and other costs in efforts to collect the delinquent contributions that Defendant Nebraska Electric owes. The CBAs provide that the Plaintiffs are entitled to recover such attorneys' fees and other costs. The Plaintiff Funds are also entitled to recover such attorneys' fees and other costs under 29 U.S.C. § 1132(g)(2)(D). As such, Plaintiffs are entitled to recover from Defendant Nebraska Electric the attorneys' fees and other costs that Plaintiffs have incurred or will incur in efforts to collect the delinquent contributions that Defendant Nebraska Electric owes to Plaintiffs, including, but not limited to, the attorneys' fees and costs of this action.

**WHEREFORE**, Plaintiffs pray that the Court enters an Order:

(1)     Finding that Defendant Nebraska Electric is liable to Plaintiffs for delinquent dues and fringe benefit contributions due and owing pursuant to the CBA and Trust Agreements;

(2)     Finding that Defendant Nebraska Electric is liable to Plaintiffs for delinquent dues and fringe benefit contributions due upon the hours of covered work performed during October 2024 to the present, and for liquidated damages and accrued interest on the unpaid dues and contributions for the hours of covered work performed from October 2024 to the present;

(3)     Requiring Defendant Nebraska Electric to permit a qualified, certified public accountant, selected by Plaintiffs, to audit Defendant Nebraska Electric's books and records at Defendant Nebraska Electric's expense to determine other contributions, liquidated damages, and interest that may be due and owing the Plaintiff Funds pursuant to the Collective Bargaining Agreement, including those for the unreported hours of covered work performed since October 2024;

(4)     Allowing Plaintiffs to apply for an award against Defendant Nebraska Electric pursuant to the CBAs and Trust Agreements, which would include:

11

(a) a yet to be determined amount and for the delinquent contributions due upon the hours of covered work performed during October 2024 to the present, plus an additional amount as determined by the audit for the additional delinquent contributions that become due and owing during the pendency of this action;

(b) a yet to be determined amount for liquidated damages due upon the delinquent contributions described above, plus an additional amount as determined by the audit due upon the additional delinquent contributions that become due and owing during the pendency of this action;

(c) a yet to be determined amount for the interest accrued upon the delinquent dues and contributions described above, as well as interest that accrues during the pendency of this action; and

(d) Plaintiffs' costs of this action attributable to the collection of Defendant Nebraska Electric's delinquent dues and contributions, including Plaintiffs' reasonable attorneys' fees.

(5) Granting Plaintiffs such other relief that the Court may deem just and proper, including additional interest that accrues during the pending of this action.

Dated: April 10, 2026

Respectfully submitted,

/s/Frederick Zarate
Frederick Zarate, NE Bar No. 26680
**Blake & Uhlig, P.A.**
6803 West 64th Street, Suite 300
Overland Park, Kansas 66202
(913) 321-8884 - Phone
(913) 321-2396 – Fax

**ATTORNEYS FOR THE PLAINTIFFS**

12