## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 22, et al.,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**NEBRASKA ELECTRIC, L.L.C.,**<br><br>**Defendant.** | **8:26CV157**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the "Motion to Extend Deadline to Effectuate Service and for an Alternative Method of Service to Serve Defendant Should Preceding Service be Insufficient" (Filing No. 6) filed by Plaintiffs. Plaintiffs request that the Court confirm their June 18, 2026, service of Defendant was proper, or in the alternative, request a short extension of time to serve the defendant alternatively by email and first class mail.

### BACKGROUND

On April 10, 2026, Plaintiffs filed a Complaint against Defendant, Nebraska Electric, L.L.C., ("Nebraska Electric") pursuant to § 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), for breach of a labor agreement, and pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), to collect fringe benefit contributions from Defendant due and owing to the Plaintiffs. (Filing No. 1). Nebraska Electric's registered agent and owner is Shawn Bargers ("Shawn"), and its registered agent's address is 112 E 2nd Street, PO Box 251, Valley NE 68064. Nebraska Electric's principle office address is 202 E Reichmuth Road, PO Box 26, Valley, NE 68064. According to publicly available property records, Shawn owns the property located at 112 E 2nd Street, Valley NE 68064.

Plaintiffs' counsel's affidavit sets forth the following history of the attempts to effectuate service of process upon Nebraska Electric. (Filing No. 6-1). On April 13, 2026, Plaintiffs engaged HPS Process Service and Investigations to personally serve Shawn. On April 17, 2026, at 9:45 a.m. the process server attempted service at Nebraska Electric's registered agent's address, 112 E 2nd Street, Valley NE 68064. A relative of Shawn answered the door and refused to disclose when Shawn would be home. The process server made a second attempt to serve Shawn at the 112 E

2nd Street address on April 24, 2026, at 6:45 p.m. Shawn's spouse answered the door and stated Shawn was unavailable. The process server left his contact information with Shawn's spouse, but was never contacted. The process server made a third attempt to serve Shawn at the 112 E 2nd Street address on April 28, 2026, at 11:30 a.m. Shawn's spouse again answered the door, and indicated Shawn would be home at 5:00 p.m. The process server returned at 6:00 p.m. on the same date, but a man's voice answered the video doorbell and stated Shawn was unavailable. The process server noticed a car in the garage.

On May 7, 2026, at 6:15 p.m., the process server again attempted service at the 112 E 2nd Street address, and again a man's voice stated via the video doorbell that Shawn was not available. On May 12, 2026, at 6:45 p.m., and May 20, 2026, at 7:00 p.m., the process server attempted service at the same address, but received no responses at the door or by the video doorbell when he knocked on the door on either occasion.

On May 21, 2026, Plaintiffs enlisted the Douglas County Sheriff to attempt to personally serve Shawn. On May 26, 2026, at 3:54 p.m., the Sheriff attempted service at the 112 E 2nd Street address, and left his card when he received no response. At 3:59 p.m. the Sheriff attempted service at Nebraska Electric's principle address, 202 E Reichmuth Road, PO Box 26, Valley, NE 68064, and left his card. Shawn later called the Sheriff and verified that he resided at the 112 E 2nd Street address, but stated that he would not be available to accept any paperwork.

On June 2, 2026, Plaintiffs enlisted the Douglas County Sheriff's Office to serve Shawn via residential service by leaving the Summons and Complaint with an adult resident of Shawn's residence. On June 18, 2026, at 10:33 a.m., the Douglas County Sheriff's Office server witnessed Shawn entering the residence at 112 E 2nd Street. When the server knocked on the door, a woman answered the door, stated Shawn was not home, and refused to provide her name or accept the Summons, Complaint, and other accompanying documents. The Douglas County Sheriff's Office therefore placed the service documents at her feet and left them at the residence. The Douglas County Sheriff later confirmed the identity of this woman as Shawn's daughter, Haley Whittaker ("Haley"), and confirmed through records she also resided at 112 E 2nd Street. Plaintiffs learned Haley has been and/or is employed as an Office Administrator by Nebraska Electric, but have been unable to verify whether she is still employed there and what her duties were in that role. On June 22, 2026, Shawn emailed Plaintiffs from the email address "sbargers80@gmail.com," stating in part, "I'm not too sure where you're going with this lawsuit against Nebraska electric."

2

Plaintiffs have now filed the instant motion asking the Court to deem that service has been effectuated upon Nebraska Electric, or in the alternative, to extend the deadline for them to complete service of process by alternative means.  (Filing No. 6).

## DISCUSSION

Rule 4(h) of the Federal Rules of Civil Procedure outlines service on a corporation, partnership, or association, providing that service may be made in the manner outlined for serving an individual under Rule 4(e)(1) or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant[.]"  Fed. R. Civ. P. 4(h)(1)(A)-(B).  Rule 4(e)(1) provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located."  Fed. R. Civ. P. 4(e)(1).  Neb. Rev. Stat. § 25-505.01 similarly models service upon individuals from the federal rules, allowing personal service, residential service, service by certified mail with proof of service with a signed receipt, and by designated delivery service.  See *id*.

Under Nebraska law, "A corporation may be served by personal, residence, certified mail, or designated delivery service upon any officer, director, managing agent, or registered agent, or by leaving the process at the corporation's registered office with a person employed therein, or by certified mail or designated delivery service to the corporation's registered office."  Neb. Rev. Stat. § 25-509.01.  Upon a plaintiff's showing that "service cannot be made with reasonable diligence by any other method provided by statute," Nebraska law permits a court to authorize the plaintiff to use an alternative form of service of process, including "leaving the process at the defendant's usual place of residence and mailing a copy by first-class mail to the defendant's last-known address," or "by any manner reasonably calculated under the circumstances to provide the party with actual notice of the proceedings and an opportunity to be heard."  Neb. Rev. Stat. § 25-517.02.

After review of Plaintiffs' motion, brief, and supporting declaration and documents (Filing No. 6 and its attachments), it is apparent to the Court that Plaintiffs have diligently and repeatedly attempted to serve Nebraska Electric by traditional means, and that Nebraska Electric is attempting to evade service.  The record establishes Plaintiffs have engaged both a private process server and the sheriff to attempt to serve Shawn—Nebraska Electric's registered agent and owner—at

3

addresses publicly connected to Shawn and Nebraska Electric.  Multiple attempts to serve process were made at different times of day and at times when the process server saw evidence that Shawn was home or when the residence's occupants indicated Shawn would be home.  After multiple attempts to serve Shawn personally, on June 18, 2026, the Sheriff ultimately left service at the feet of Haley, Shawn's daughter, at Nebraska Electric's registered address, which is also the place of residence of Haley and Shawn according to public records.  Plaintiffs have discovered Haley was at one time the Office Administrator of Nebraska Electric, although Plaintiffs have not confirmed whether she presently is employed in that role.  Shawn has apparently confirmed his knowledge of this lawsuit via his call to the Sheriff's office and by an email sent to Plaintiffs' counsel.

However, because it is unclear whether Haley was still employed by Nebraska Electric at the time of service, and because she apparently refused to accept service on behalf of Nebraska Electric, see Neb. Rev. Stat. § 25-509.01, in an abundance of caution the Court will authorize Plaintiffs' request for alternative service pursuant to Neb. Rev. Stat. § 25-517.02.  The Court will grant Plaintiffs' request to serve the Defendant by serving a copy of this Memorandum and Order, and the Summons and Complaint via the electronic mail address of its registered agent at "nebraska1electric@gmail.com" and "sbargers80@gmail.com", leaving a copy of this Memorandum and Order and the Summons and Complaint at Mr. Bargers' residence, and mailing a copy of this Memorandum and Order, and the Summons and Complaint to the Defendant's registered address.  For good cause shown, the Court will also extend the deadline for Plaintiffs to complete service of process by 14-days.  See Fed. R. Civ. P. 4(m) (directing the court to extend the time for service of process for an appropriate period upon the plaintiff's showing of good cause). Upon consideration,

**IT IS ORDERED:**

1. Plaintiff's Motion to Extend Deadline to Effectuate Service and for an Alternative Method of Service to Serve Defendant Should Preceding Service be Insufficient (Filing No. 6) is granted as to Plaintiffs' request for alternative service.

2. Plaintiffs' are given leave to serve the Defendant by serving a copy of this Memorandum and Order, and the Summons and Complaint via the electronic mail address of its registered agent at "nebraska1electric@gmail.com" and "sbargers80@gmail.com", leaving a copy of this Memorandum and Order and the

4

Summons and Complaint at Shawn Bargers' residence, and mailing a copy of this Memorandum and Order and the Summons and Complaint to the Defendant's registered address.

3. For good cause shown, the plaintiffs shall have an extension of time to **July 23, 2026**, to accomplish service upon Defendant.  See Fed. R. Civ. P. 4(m).

Dated this 6th day of July, 2026.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge